By the Court.
At the January 1915 term of the court of common pleas of Richland county Blanche Davidson recovered a judgment in an action wherein she had appealed from the decision of the Industrial Commission refusing to allow her any compensation for injuries which she claimed to have sustained in the course of her employment as an employe of a company which was a contributor to the state insurance fund. In that action she was awarded compensation for a period of fifty-five weeks, at the rate of $4.50 per week, from February 3, 1914, to March 1, 1915, the date of the rendition of the verdict. The jury at the same time returned special findings, in substance that rhe plaintiff was suffering from the injuries alleged in *72 the petition, which were received by her in the course of her employment; that such injuries were temporary and occasioned partial disability; and that plaintiff had been temporarily and partially disabled for fifty-five weeks. Judgment was awarded, and that judgment, which included allowance for medical services and attorney fees, was paid.
Thereafter she made application to the Industrial Commission to continue to pay her compensation for her disability, beginning with March 1, 1915, claiming that she had ever since the first day of March, 1915, continued to suffer from such injuries, which she had sustained on January 26, 1914.
Such application was rejected by the Industrial Commission on the ground that her claim had been fully adjudicated in the former proceeding. Thereupon the plaintiff again appealed to the common pleas court of Richland county. Upon trial in the common pleas court she was awarded a judgment in the sum of three dollars per week for a period of one hundred weeks, which judgment was affirmed by the court of appeals.
The question presented by the record is whether the second appeal from the action of the Industrial Commission was authorized, and therefore whether the court of common pleas had any jurisdiction of the cause upon such second appeal. The provision of the statute respecting the right of appeal from the action of the Industrial Commission in such matters is found in Section 1465-90, General Code, which, as it then existed, provides in substance that the board shall have full power and authority to hear and determine all questions within its juris *73 diction, and its decision thereon shall be final; provided, however, in case the final action of the board denies the right of claimant to participate at all in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant’s right, the claimant may appeal to the court of common pleas and be entitled to a trial in the ordinary way.
It was under this provision that the first appeal was taken and an award made in the common pleas court. The right of the claimant to participate in the insurance fund, háving been established in that proceeding, and that award having been certified to the Industrial Commission, the claim should have been thereafter treated in all respects as if the award had been rendered by such commission. Roma v. The Industrial Commission, 97 Ohio St., 247.
Under the provisions of Section 1465-86, General Code, the Industrial Commission then had continuing jurisdiction of such matter, just the same as if the award had been made the claimant by the Industrial Commission instead of by the court upon appeal, and it was the duty of the Industrial Commission thereafter to consider and determine whether the physical condition of the claimant resulting from injuries sustained by her was such as to entitle her to continued payment of installments from the insurance fund.
It is apparent that the Industrial Commission misconceived its duty in the premises, and not only *74 refused payment, but refused to consider the question of whether the claimant was entitled to any further payment; upon the ground that the entire matter had been adjudicated in a former proceeding in the common pleas court and the Industrial Commission had no further jurisdiction in the matter. Under the statute it was the clear duty of the commission, under its continuing jurisdiction as provided in Section 1465-86, General Code, to inquire and ascertain whether the claimant was entitled to further compensation. The statute at that time made no provision whatever for appeal from the action of the commission denying the right to continue to participate in said fund, and in the absence of such provision the right of appeal does not exist. For failure of the Industrial Commission to recognize and exercise its jurisdiction and consider the merits of the plaintiff’s application for further compensation, the remedy was therefore not by way of appeal.

Judgment reversed and judgment for plaintiff in error.

Nichols, C. J., Tones, Matthias, Johnson, and Robinson, JJ., concur.
• Merrell, J., not -participating.